NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff - Appellee,<br><br>v.<br><br>**JOHN FARAHI,**<br><br>Defendant - Appellant. | No. 13-50126<br><br>D.C. No. 2:11-cr-01165-PSG-1<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted June 5, 2014
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **TROTT** and **CALLAHAN**, Circuit
Judges.

**1.** In the factual basis supporting the plea agreement, Farahi admitted that he had lied to Newpoint investors about the type and risk level of the instruments he bought with the investors' money, and that for years he sold unregistered securities to investors without disclosing that he knew he was violating SEC regulations. In

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

addition, there is substantial evidence of the breadth and duration of Farahi's fraudulent scheme in the record. Accordingly, the district court did not clearly err in finding that over 80 Newpoint investors were victims of Farahi's criminal conduct and suffered losses of over $22 million. See U.S.S.G. §§ 2B1.1(b)(1)(L), 2B1.1(b)(2)(B).

Nor did the district court abuse its discretion when it declined to reduce the loss calculation by the amount of money Farahi returned to investors after his crimes were discovered. Application Note 3(E)(i) to section 2B1.1, on which the district court expressly relied, makes clear that only money returned before the defendant's offense is detected should be credited against the loss amount.

**2.** Farahi admits that he knowingly lied to Sun West in order to convince the bank to renew his $2 million credit line. Given that: (1) Sun West had a system of annually approving such renewals, (2) Sun West relied on Farahi's misrepresentations in deciding to renew his line of credit, and (3) the loan would have been due on demand absent renewal, the district court didn't err in finding that Farahi derived more than $1 million from Sun West as a result of his criminal conduct. See U.S.S.G. § 2B1.1(b)(15)(A) (2012).

**3.** The factual basis of Farahi's plea makes clear that he advised investors as to the type and number of investment products to purchase, and he doesn't challenge the government's evidence that he was a broker registered with FINRA. The district court therefore had ample basis to apply a four-level enhancement for Farahi's status as an investment adviser and/or broker. See U.S.S.G. § 2B1.1(b)(18)(A) (2012); see also id., Application Note 14(A); 15 U.S.C. § 80b-2(a)(11); 15 U.S.C. § 78c(a)(48).

**4.** The record indicates the district court may have failed to include in its Guidelines calculation the one-level downward departure it granted pursuant to U.S.S.G. § 5K1.1. But the court went on to give Farahi a sentence that was far below the Guidelines range for an offense level of either 37 or 38, so any error was harmless. See United States v. Waknine, 543 F.3d 546, 553–54 (9th Cir. 2008).

**5.** The district court expressly considered the factors it's required to under 18 U.S.C. § 3553(a), and gave detailed consideration to Farahi's character, community participation and lack of criminal history. The court cited these mitigating factors as reasons for providing a sentence that was substantially below that which the Guidelines prescribed. Thus, the court fulfilled its obligation under section 3553(a), and did not commit a "clear error of judgment in the conclusion it

reached upon weighing the relevant factors." United States v. Ressam, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc) (internal quotation marks omitted).

**6.** The district court didn't err in ordering $24,366,617.11 in restitution. The financial investigator's report on loan fraud losses and the Receiver's report on the amount still due to investors support this figure. Farahi's argument that the award should be decreased as the Receiver distributes funds is premature, as such a reduction "only comes into play after the district court has already ordered restitution in the full amount of the victim's loss." See United States v. Bright, 353 F.3d 1114, 1122 (9th Cir. 2004) (internal quotation marks omitted).

**AFFIRMED.**